CHIEF JUSTICE SAYLOR, Concurring.
I join Parts I and II(A) and (C) of the majority opinion. However, I respectfully disagree with the majority's conclusion, in Part II(B), that a guardian ad litem may never serve as counsel, as I believe such a rigid rule is not required by either the language of the statute or any other considerations relating to counsel's role in legal proceedings.
Although the majority indicates that "the language of Section 2313(a) ... clear[ly]" supports its holding in this respect, Majority Opinion at 1168, in my view, that provision reflects only that a court must appoint counsel in termination proceedings; it is silent on who may or may not serve in that role. A contextual reading of the passage is similarly not dispositive. The majority aptly explains that the statutory scheme evinces the Legislature's intent to distinguish between the respective roles of counsel, whose duty is to further the child's legal interests, and a guardian ad litem, whose obligation is to advance the child's best interests. It does not follow, however, that the General Assembly intended to categorically proscribe a guardian ad litem from serving as counsel.[1]
In my view, the propriety of permitting the same individual to serve in both capacities should be determined on a case-by-case basis, subject to the familiar and well-settled conflict of interest analysis. Thus, where zealous representation is made impossible because of an attorney's duties as guardian ad litem - or, for that matter, any other reason - the court must refrain from making the appointment and should find a suitable candidate. Conversely, in the absence of an actual or potential conflict between a child's legal and best interests, I see no reason why a guardian ad litem may not also serve as counsel. There are multiple scenarios in which a child's legal and best interests may be indistinguishable, including, most notably, cases involving children who are too young to express their wishes. In such circumstances, mandating the appointment of separate counsel seems superfluous and potentially wasteful.[2]
*1171 Here, as the majority explains, in permitting the termination to proceed with the guardian ad litem as the only attorney representing the children, the trial court understood the appointment of counsel to be optional, rather than mandatory. Accordingly, as it did not recognize the discrete functions of counsel and guardians ad litem, it could not have conducted the requisite conflict of interest analysis. As such, I agree with the majority's characterization of the trial court's order as a failure to appoint counsel.
In sum, while I agree that the court must appoint counsel who will advocate for the child's legal interests, I find the majority's per se prohibition on permitting a guardian ad litem to serve as counsel to be overly restrictive.
Justice Todd joins this concurring opinion.